**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEN HAO HE, | No. 20-70454 |
| Petitioner, | Agency No. A209-850-460 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Wen Hao He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on misrepresentations He made to immigration officials. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (absent establishing that an exception applies, "[a]n asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story"). He's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, He's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not reach He's contentions regarding corroboration, *see Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach), or his remaining contentions regarding the merits of his asylum or withholding of removal claims, *see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

We do not consider the materials He references in his opening brief that are

not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**